Douglas T. Tabachnik, Esq. (DT 6337)
LAW OFFICES OF
DOUGLAS T. TABACHNIK, P.C.
Woodhull House
63 W. Main Street, Suite C
Freehold, New Jersey 07728
(732) 792-2760

and

Cliff I. Taylor, Esq.
(Motion to be admitted pro hac vice to be submitted)
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas  75201
(214) 969-4900

**ATTORNEYS FOR PERSONAL INJURY CLAIMANTS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                       :
                                                            :   Bankruptcy Court
ALPER HOLDINGS USA, INC.,                                   :   Case No. 07-12148 (BRL)
                                                            :
                                                            :   District Court
                                                            :   Case No. _____
              Debtor.                                       :
------------------------------------------------------------X

NOTICE OF MOTION OF THE PERSONAL INJURY CLAIMANTS TO
WITHDRAW THE BANKRUPTCY REFERENCE FOR DEBTOR'S OBJECTION
OF ALPER HOLDINGS USA, INC. TO PROOFS OF CLAIM (CLAIM NOS. 14, 15,
<u>16, 17, 18, 19, 22, 23, 24, 25, 26, 27, 28) FILED BY ADKINS CLAIMANTS</u>

TO (PLAINTIFF/DEFENDANT) AND ITS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on a date and at a time to be assigned by the Court,

or as soon thereafter as counsel may be heard by the above-entitled Court, located at 500 Pearl

Street, New York, NY 10007, the Personal Injury Plaintiffs identified in the accompanying motion, will and hereby do move the Court for an order to Withdraw The Bankruptcy Reference for Debtor's Objection of Alper Holdings USA, Inc. to Proofs of Claim (Claim Nos. 14, 15, 16, 17, 18, 19, 22, 23, 24, 25, 26, 27, 28) Filed By Adkins Claimants, and any and all proceedings related thereto. This motion is brought pursuant to 28 U.S.C. §157(d), Federal Rule of Bankruptcy Procedure 5011, and Rule 5011.1 of the Local Rules of Bankruptcy Procedure, upon the ground that the claims are based upon personal injuries to the Claimants and the Claimants are therefore entitled to have their claims determined by a jury of their peers.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the declaration of Douglas T. Tabachnik, dated March 7, 2008, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of hearing.

Dated:    March 7, 2008

                                      LAW OFFICES OF
                                      DOUGLAS T. TABACHNIK, P.C.

                                      By*/s/ Douglas T. Tabachnik*
                                      Douglas T. Tabachnik, Esq. (DT 6337)
                                      Woodhull House
                                      63 W. Main Street, Suite C
                                      Freehold, New Jersey 07728
                                      (732) 792-2760

                                      Attorneys for Personal Injury Claimants

Douglas T. Tabachnik, Esq. (DT 6337)
LAW OFFICES OF
DOUGLAS T. TABACHNIK, P.C.
Woodhull House
63 W. Main Street, Suite C
Freehold, New Jersey 07728
(732) 792-2760

and

Cliff I. Taylor, Esq.
(Motion to be admitted pro hac vice to be submitted)
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
(214) 969-4900

ATTORNEYS FOR PERSONAL INJURY CLAIMANTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                               :
                                                    :      Bankruptcy Court
ALPER HOLDINGS USA, INC.,                           :      Case No. 07-12148 (BRL)
                                                    :
                                                    :      District Court
                                                    :      Case No. _____
                Debtor.                             :
------------------------------------------------------------x

CERTIFICATION OF DOUGLAS T. TABACHNIK, PURSUANT TO 28 U.S.C. § 1746, IN SUPPORT OF THE MOTION OF THE PERSONAL INJURY CLAIMANTS TO WITHDRAW THE BANKRUPTCY REFERENCE FOR DEBTOR'S OBJECTION OF ALPER HOLDINGS USA, INC. TO PROOFS OF CLAIM (CLAIM NOS. 14, 15, 16, 17, 18, 19, 22, 23, 24, 25, 26, 27, 28) FILED BY <u>ADKINS CLAIMANTS</u>

TO: THE UNITED STATES DISTRICT JUDGE
TO WHOM THIS MATTER WILL BE ASSIGNED:

The Personal Injury Claimants,[1] by their counsel, Stutzman, Bromberg, Esserman & Plifka, P.C., and Law Offices of Douglas T. Tabachnik, P.C., respectfully show to the Court as follows:

1.  The Personal Injury Claimants hereby move for an Order withdrawing the reference to the Bankruptcy Court of Alper Holdings USA, Inc.'s ("Alper" or "Debtor") Objection of Alper Holdings USA, Inc. to Proofs of Claim (Claim Nos. 14, 15, 16, 17, 18, 19, 22, 23, 24, 25, 26, 27, 28) Filed by Adkins Claimants, dated February 28, 2008 (the "Personal Injury Claims Objection").

2.  The Personal Injury Claimants bring this motion pursuant to the withdrawal provisions of 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, and Rule 5011.1 of the Local Rules of Bankruptcy Procedure.

3.  The Personal Injury Claimants respectfully request that this Motion be granted. Though mandatory removal is not implicated in this matter as it involves personal injury actions grounded wholly in state law, the arguments for discretionary withdrawal – withdrawal for cause shown – are compelling. The

---

[1] The "Personal Injury Claimants" consist of Donald Adkins, Kristi Adkins, Hunter Adkins, Chad Beard, Patricia Beard, Emily Beard, Eric Christian, Peyton Christian, Jennifer Casteel, Timothy DeLoach, Kimberly DeLoach, Paxton DeLoach, Anthony Fambrough, Keysha Fambrough, Autumn Fambrough, Shonda Heflin, John Christopher Stiver, Sydney Stiver, David Heimbach, Jodie Heimbach, Kassidy Heimback, Dawson Heimbach, Mason Heimbach, ScottHerkimer, Darcie Herkimer, Samuel Herkimer, Steven Jones, Melissa Jones, Mya Jones, Barry Piland, Christie Piland, Luke Piland, Travis Wood, Amy Wood and Lauren Wood, all of whom have filed proofs of claim in Alper's bankruptcy case for personal injuries.

Personal Injury Claimants are entitled to have their claims liquidated by a jury of their peers, and the Bankruptcy Court may not conduct such a trial. Any proceedings in the Bankruptcy Court that might dispose of these claims – such as a claims objection – would be fundamentally flawed, a waste of judicial resources and wholly duplicative of the proceedings that must await disposition in this Court.

WHEREFORE, for the reasons set forth above and in the accompanying Memorandum of Law, The Personal Injury Claimants respectfully request that this Court enter an Order withdrawing the reference to the Bankruptcy Court of the Personal Injury Claims Objection, and all proceedings related thereto, and granting such other relief as may be just and proper.

Dated:  March 7, 2008          Respectfully submitted,

*/s/ Douglas T. Tabachnik*
Douglas T. Tabachnik, Esq. (DT 6337)
LAW OFFICES OF
DOUGLAS T. TABACHNIK, P.C.
Woodhull House
63 W. Main Street, Suite C
Freehold, New Jersey 07728
(732) 792-2760

-and-

Cliff I. Taylor (CT 4711)
(Motion to be admitted pro hac vice
to be submitted)
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA, PC
2323 Bryan Street, Suite 2200
Dallas, Texas  75201
(214) 969-4900

**ATTORNEYS FOR THE
PERSONAL INJURY CLAIMANTS**

Douglas T. Tabachnik, Esq. (DT 6337)
LAW OFFICES OF
DOUGLAS T. TABACHNIK, P.C.
Woodhull House
63 W. Main Street, Suite C
Freehold, New Jersey 07728
(732) 792-2760

and

Cliff I. Taylor, Esq.
(Application to be admitted pro hac vice
to be submitted)
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas  75201
(214) 969-4900

**ATTORNEYS FOR PERSONAL INJURY CLAIMANTS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                          :
                                               :   Bankruptcy Court
ALPER HOLDINGS USA, INC.,                      :   Case No. 07-12148 (BRL)
                                               :
                                               :   District Court
                                               :   Case No. _____
              Debtor.                          :
------------------------------------------------------------X


MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE PERSONAL
INJURY CLAIMANTS TO WITHDRAW THE BANKRUPTCY REFERENCE FOR
DEBTOR'S OBJECTION OF ALPER HOLDINGS USA, INC. TO PROOFS OF
CLAIM (CLAIM NOS. 14, 15, 16, 17, 18, 19, 22, 23, 24, 25, 26, 27, 28) FILED BY
<u>ADKINS CLAIMANTS</u>

TO: THE UNITED STATES DISTRICT JUDGE
TO WHOM THIS MATTER WILL BE ASSIGNED

The Personal Injury Claimants[1] hereby move for an Order withdrawing the reference to the Bankruptcy Court of Alper Holdings USA, Inc.'s ("Alper" or "Debtor") Objection of Alper Holdings USA, Inc. to Proofs of Claim (Claim Nos. 14, 15, 16, 17, 18, 19, 22, 23, 24, 25, 26, 27, 28) Filed by Adkins Claimants, dated February 28, 2008 (the "Personal Injury Claims Objection").

The Personal Injury Claimants bring this motion pursuant to the withdrawal provisions of 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, and Rule 5011.1 of the Local Rules of Bankruptcy Procedure.

The Personal Injury Claimants respectfully request that this Motion be granted. Though mandatory removal is not implicated in this matter as it involves personal injury actions grounded wholly in state law, the arguments for discretionary withdrawal – withdrawal for cause shown – are compelling. The Personal Injury Claimants are entitled to have their claims liquidated by a jury of their peers, and the Bankruptcy Court may not conduct such a trial. Any proceedings in the Bankruptcy Court that might dispose of these claims – such as a

---

[1] The "Personal Injury Claimants" consist of Donald Adkins, Kristi Adkins, Hunter Adkins, Chad Beard, Patricia Beard, Emily Beard, Eric Christian, Peyton Christian, Jennifer Casteel, Timothy DeLoach, Kimberly DeLoach, Paxton DeLoach, Anthony Fambrough, Keysha Fambrough, Autumn Fambrough, Shonda Heflin, John Christopher Stiver, Sydney Stiver, David Heimbach, Jodie Heimbach, Kassidy Heimback, Dawson Heimbach, Mason Heimbach, ScottHerkimer, Darcie Herkimer, Samuel Herkimer, Steven Jones, Melissa Jones, Mya Jones, Barry Piland, Christie Piland, Luke Piland, Travis Wood, Amy Wood and Lauren Wood, all of whom have filed proofs of claim in Alper's bankruptcy case for personal injuries.

claims objection – would be fundamentally flawed, a waste of judicial resources and wholly duplicative of the proceedings that must await in the District Court. The District Court of the Southern District of New York has already withdrawn the reference in respect of extremely similar claims by other tort plaintiffs in the Chapter 11 case of Saltire Industrial, Inc., a wholly owned subsidiary of Alper.[2] The same reasoning applies with equal force here.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  The Personal Injury Claimants suffer from personal injuries caused by exposure to trichloroethylene in Dickson, Tennessee

The Personal Injury Claimants live or have lived in Dickson, Tennessee. During the time that the Personal Injury Claimants lived in Dickson, Tennessee, they ingested or were otherwise exposed to trichloroethylene ("TCE"). The Personal Injury Claimants have suffered personal injuries due to their exposure to TCE. More particularly, the Personal Injury Claimants consist of minor children (each of whom has suffered serious, congenital deformities such as cleft lip and/or palate as well as heart defects due to TCE exposure) and their parents.

### B.  The Personal Injury Claimants' exposure to TCE was caused by the migration of TCE contaminants into the ground water from which the Personal Injury Claimants acquired their drinking water.

From approximately 1964 until March 1985, Saltire, a major industrial company, operated the Dickson Plant in Dickson, Tennessee, producing automotive tire valves and associated products. Saltire's use of TCE at the Dickson Plant

---

[2] See discussion at page 9, *infra*.

3

resulted in the contamination of the soil and ground water at and around the Dickson Plant, because Saltire disposed of its TCE waste merely by dumping it on the ground at the Dickson Plant and at other local dump sites.

    C.    **Alper controlled remediation of the Dickson TCE contamination after its acquisition of Saltire in 1992.**

In 1992, Alper became the indirect parent company of Saltire and later became its direct parent.  After this period, Alper began controlling Saltire's finances and environmental affairs and also Saltire's extensive legacy liabilities (including environmental).  The party who controlled remediation of the TCE contamination in Dickson was Alper—which, itself, acted directly on behalf of its subsidiary.  Not long after Alper's acquisition of Saltire, an Alper employee and officer, Nicholas Bauer, undertook to manage Saltire's environmental affairs, which included investigations and remediation in Dickson, Tennessee.  Mr. Bauer's remediation activities were conducted as an official of Alper, not as an officer of Saltire.

    D.    **The Personal Injury Claimants sued Alper in Tennessee state court, asserting that Alper negligently controlled the remediation of the Dickson Plant, which allowed TCE contaminants to migrate into their drinking water.**

The Personal Injury Claimants filed Case No. CV-2022 (the "<u>State Court Action</u>"), against, *inter alios*, Alper in the Circuit Court of Dickson County, Tennessee (the "<u>Tennessee State Court</u>").  In the State Court Action, the Personal Injury Claimants alleged that Alper, through its employees and its control over Saltire, negligently conducted the remediation of TCE contamination in Dickson,

4

thereby allowing the contamination to migrate through the soil and/or groundwater and to contaminate their drinking water. The Personal Injury Claimants diligently pursued their claims against Alper in the State Court Action, but progress in their prosecution efforts was frequently stalled by procedural wrangling and ultimately stayed by Saltire's 2004 bankruptcy proceedings.

E. **After Alper filed for bankruptcy relief, the Personal Injury Claimants dismissed Alper from the State Court Action and submitted proofs of claim in Alper's bankruptcy case.**

Alper filed for bankruptcy relief on July 13, 2007 (the "Petition Date"). Soon after the Petition Date, on September 9, 2007, the Personal Injury Claimants dismissed Alper from the State Court Action and filed essentially identical proofs of claim in Alper's bankruptcy case. On February 28, 2008, Alper filed its Personal Injury Claims Objection.

II. **ARGUMENT**

A. **Legal Standard for Withdrawal of the Reference for Cause Shown.**

Withdrawal of an order of reference to the bankruptcy court is authorized by 28 U.S.C. § 157(d). Such withdrawal may be mandatory or discretionary. *United States Gypsum Co. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 145 B.R. 539, 540 (N.D. Tex. 1992).[3] As the claims held by the Personal Injury Claimants are tort

---

[3] Withdrawal of the reference to the bankruptcy court is mandatory under 28 U.S.C. § 157(d) when: (1) resolution of a claim requires substantial and material consideration of both the Bankruptcy Code and non-Bankruptcy Code federal law; (2) the non-Bankruptcy Code federal law has more than a *de minimis* impact on interstate commerce; and (3) the motion for withdrawal of the reference is timely. *In re Nat'l Gypsum Co.*, 145 B.R. at 541-42.

claims wholly grounded in state law, mandatory withdrawal of the reference is not an issue. Section 157(d) also authorizes a district court, in its own discretion, to withdraw the reference to the bankruptcy court "for cause shown." Factors to be considered in decided whether a party seeking to withdraw the reference has shown cause include whether the issue is core or non-core, judicial economy, uniform bankruptcy administration, reduction of forum shopping, economical use of debtors' and creditors' resources, expediting the bankruptcy process and the presence of a jury demand. *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (3d Cir.1993). As the Second Circuit has held, the threshold question should be whether the proceeding is core or non-core:

> In determining whether discretionary withdrawal is appropriate, A district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn … once a district court makes the core/non-core determination, it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.

*Id.*    Once the core/non-core determination is made, the other factors can be considered in their proper context.

### B. Ample, Compelling Cause Exists for the Reference to be Withdrawn by the District Court.

The threshold question is readily answered – adjudication of the claims of the Personal Injury Claimants is outside the core jurisdiction of the bankruptcy Court. The United States Code contains few categorical exclusions of matters from the core jurisdiction of the bankruptcy courts. Title 28 U.S.C. § 157(b)(2) states that "core proceedings include, but are not limited to" a laundry list of matters pertinent

to bankruptcy cases. Title 28 U.S.C. § 157(b)(2)(B), however, provides that allowance or disallowance of claims is a core proceeding, "but not the liquidation or estimation of *contingent or unliquidated personal injury tort or wrongful death claims* for purposes of distribution in a case under title 11." *Id.* (emphasis added). The claims held by the Personal Injury Claimants are wholly comprised of such unliquidated personal injury claims. By clear statutory language, they are outside the core jurisdiction of the Bankruptcy Court. Moreover, 28 U.S.C. § 157(b)(5) provides, in mandatory language, that "the district court *shall* order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending" (emphasis added). This provision confirms that the Bankruptcy Court is not to decide personal injury claims – not only are they not within the core jurisdiction of the bankruptcy courts, district courts are commanded to order that claims be tried in district court.

      Having answered the threshold question, the other factors noted by the Second Circuit fall readily into place. Clearly, the interests of judicial economy are served by withdrawal of the reference. First, the District Court must liquidate these cases in a jury trial. The Bankruptcy Court may issue only recommendations on the disposal of non-core matters. Thus, any proceeding purporting to liquidate the claims of the Personal Injury Claimants in the Bankruptcy Court – which a claims objection assuredly would – would be fatally flawed. Second, uniform

7

bankruptcy administration is not implicated, as the trial of personal injury cases is a matter reserved to Article III courts and the issues do not touch upon the core jurisdiction of the Bankruptcy Court. To the extent that it might be indirectly implicated, the factor militates in favor of withdrawal, as the reference has already been withdrawn under similar circumstances by this Court. Third, the Bankruptcy Court has no special expertise or knowledge regarding these claims to bring to bear on any legal proceeding. Fourth, there is no implication of any form of forum shopping, the Personal Injury Claimants merely seek to avail themselves of their constitutional right to a trial before a jury of their peers, cemented in the statutory text of 28 U.S.C. § 157(b)(5). Fifth, withdrawal of the reference would promote the economical use of debtors' and creditors' resources as it would obviate the need for a fruitless, flawed, and ultimately duplicative proceeding in the Bankruptcy Court below. These duplicative proceedings are a large and unnecessary financial burden laid upon victims of the Debtor's tortious actions. Finally, failure to follow the mandated procedure now, necessitating a return to the District Court at a later date would not serve to expedite the bankruptcy process – in the final analysis, the Bankruptcy Court may not liquidate these claims.

      The absolute insistence of the United States Code upon the District Court trying personal injury cases, taken together with 28 U.S.C. § 157(b)(2)(B)'s categorical exclusion of personal injury claims from the core jurisdiction of the bankruptcy courts, render it beyond dispute that these matters belong in the

District Court. Nothing but delay and injustice can be wrought from declining to withdraw the reference at this juncture.

### C. This Court Withdrew the Reference in Respect of Similar Tort Claims in the Chapter 11 Case of Saltire, A Wholly Owned Subsidiary of Alper.

Recognizing all this, this Court, when presented with a similar issue in the Saltire bankruptcy case (involving a wholly owned subsidiary of Alper) did not hesitate to withdraw the reference to the bankruptcy court in respect of the adjudication of personal injury claims. See *In re Saltire Industrial, Inc., Case No., 07-3622 (AKH) and 06-4451 (AKH), 2007 WL 1815450 (June 22, 2007, S.D.N.Y.).* In the Order Withdrawing the Reference over Harry Holt Claims and Transferring Venue to the Middle District of Tennessee, the District Court—faced with a motion to withdraw the reference in respect of an objection to personal injury claims against Saltire—noted that "the Harry Hold claims are triable by jury. They cannot be liquidated in the bankruptcy court." *Id.* at *2. Rejecting the argument that the bankruptcy court should retain the reference of the claims objection and should administer pretrial proceedings over the claims, the Court noted that such a decision would render the process duplicative and "cause unnecessary delay and deplete both judicial resources and the assets of the bankruptcy estate, along with those of the Harry Holt Plaintiffs." *Id.* In the interests of judicial economy and to prevent unnecessary wastage of debtor and creditor resources, this Court withdrew the reference (and transferred the proceedings to the district court wherein the claim originated).

9

As in that case, the reference of the Personal Injury Claims Objection should be withdrawn. The Bankruptcy Court cannot, under the United State Code, liquidate the claims at issue. Any request by the Debtor that the Bankruptcy Court retain the reference over pretrial matters, would accomplish nothing more than a delay of the inevitable – the case cannot be liquidated in the Bankruptcy Court, and the Bankruptcy Court has no special expertise in the handling of such matters. The claims must, in the end, be liquidated in the District Court. The withdrawal of the reference here, as in the Saltire case, will ensure an expeditious, cost-effective and non-duplicative process of dealing with the claims of the Personal Injury Claimants.

## II.   CONCLUSION

For the reasons set forth above, The Personal Injury Claimants respectfully request that the District Court enter an Order withdrawing the reference to the

[This space is left intentionally blank.]

Bankruptcy Court of the Personal Injury Claims Objection and any and all proceedings related thereto, and granting such other relief as may be just and proper.

Dated: March 7, 2008

Respectfully submitted,

*/s/ Douglas T. Tabachnik*
Douglas T. Tabachnik, Esq. (DT 6337)
LAW OFFICES OF
DOUGLAS T. TABACHNIK, P.C.
Woodhull House
63 W. Main Street, Suite C
Freehold, New Jersey 07728
(732) 792-2760

-and-

Cliff I. Taylor (CT 4711)
(application to be admitted pro hac vice to be submitted)
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA, PC
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
(214) 969-4900

**ATTORNEYS FOR THE
PERSONAL INJURY CLAIMANTS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Personal Injury Claimants

Plaintiff,

-v-

ALPER HOLDINGS USA, INC.,

Defendant.

Case No. _____

**Rule 7.1 Statement**

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for  various personal injury claimants as listed on Motion  (a private non-governmental party) certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held.

None

Date: 3/7/08

Signature of Attorney

Attorney Bar Code: DT6337

Form Rule7_1.pdf  SDNY Web 10/2007