Douglas T. Tabachnik, Esq. (DT 6337)
LAW OFFICES OF
DOUGLAS T. TABACHNIK, P.C.
Woodhull House
63 W. Main Street, Suite C
Freehold, New Jersey 07728
(732) 792-2760

and

Cliff I. Taylor, Esq. (admitted pro hac vice)
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA,
A Professional Corporation
2323 Bryan Street, Suite 2200
Dallas, Texas  75201
(214) 969-4900

**ATTORNEYS FOR VARIOUS TORT CLAIMANTS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————x
In re                                                    :
                                                              :    Bankruptcy Court
ALPER HOLDINGS USA, INC.,              :    Case No. 07-12148 (BRL)
                                                              :
                                                              :    District Court
                                                              :    Case No. 08-02428 (PAC)
                            Debtor.            :
——————————————————X

**REPLY TO THE OBJECTION OF ALPER HOLDINGS USA, INC. IN OPPOSITION TO THE MOTION OF THE PERSONAL INJURY CLAIMANTS TO WITHDRAW THE BANKRUPTCY REFERENCE FOR DEBTOR'S OBJECTION OF ALPER HOLDINGS USA, INC. TO PROOFS OF CLAIM (CLAIM NOS. 14, 15, 16, 17, 18, 19, 22, 23, 24, 25, 26, 27, 28) FILED BY ADKINS CLAIMANTS**

TO UNITED STATES DISTRICT JUDGE

The Personal Injury Claimants[1] hereby file this Reply to the Objection of Alper Holdings USA, Inc. ("Alper") in Opposition to the Motion of the Personal Injury Claimants to Withdraw the Bankruptcy Reference (the "Motion to Withdraw the Reference") for the Objection of Alper Holdings USA, Inc. to Proofs of Claim (Claim Nos. 14, 15, 16, 17, 18, 19, 22, 23, 24, 25, 26, 27, 28) Filed by Adkins Claimants (the "Claims Objection") and re-urge that this Court enter an Order withdrawing the reference to the Bankruptcy Court of Alper to the Claims Objection.

1. **Alper is trying to liquidate the claims of the Personal Injury Claimants, and the Bankruptcy Court simply lacks the jurisdiction to do so.**

Alper commits pure, unmitigated sophistry in its suggestion that is not seeking to liquidate the claims of the Personal Injury Claimants. To suggest that disallowance – securing a court ruling that the claim is not valid and must be paid nothing – is the functional equivalent of valuing the claim at $0 for purposes of liquidation.

Alper compounds this mischief by claiming that they are seeking to have the claims disallowed as a matter of law. When considering a motion to dismiss, the Court must not consider any matters raised by Alper that are outside of the Personal Injury Claimants' proofs of claim. FED. R. CIV. P. 12(b)(6); FED. R. CIV. P. 12(c); *In re Edwards*, No. 96-17868DWS,

---

[1] The <u>Personal Injury Claimants</u> consist of Donald Adkins, Kristi Adkins, Hunter Adkins, Chad Beard, Patricia Beard, Emily Beard, Eric Christian, Peyton Christian, Jennifer Casteel, Timothy DeLoach, Kimberly DeLoach, Paxton DeLoach, Anthony Fambrough, Keysha Fambrough, Autumn Fambrough, Shonda Heflin, John Christopher Stiver, Sydney Stiver, David Heimbach, Jodie Heimbach, Kassidy Heimback, Dawson Heimbach, Mason Heimbach, Scott Herkimer, Darcie Herkimer, Samuel Herkimer, Steven Jones, Melissa Jones, Mya Jones, Barry Piland, Christie Piland, Luke Piland, Travis Wood, Amy Wood and Lauren Wood, all of whom have filed proofs of claim in Alper's bankruptcy case for personal injuries.

1999 WL 223506 at *1 n. 1 (Bankr. E.D. Pa. April 13, 1999).[2] The Court must limit itself to a review of the proof of claim materials and other evidence relied upon by the claimants when submitting their claims.[3] Yet Alper, while claiming to be seeking dismissal of the claims *as a matter of law*, filed nearly 400 pages of exhibits in support of its claims objections including some material that is unequivocally evidence speaking to disputed facts rather than legal matters.[4] The Personal Injury Claimants take grave exception to the notion that their claims are dismissible as a matter of law – as serious and substantive factual issues are raised by the claims objection – given that it is hornbook law that the sole issue for a motion to dismiss is whether the Personal Injury Claimants have alleged facts sufficient to support any possible cause of action against Alper. *Raine v. Lorimar Prods., Inc.*, 71 B.R. 450, 452-53 (S.D.N.Y. 1987). This is not a high bar, and the Personal Injury Claimants have more than met their burden. What Alper is trying to do is obtain a ruling on the merits, and offers evidence in support of its position. That, alone, is enough to defeat a motion to dismiss.

---

[2] Therefore, the Court must not consider the factual allegations made in and evidentiary materials accompanying Alper's Motion to Dismiss. *See DeRosa v. Jacone*, 156 B.R. 740, 743 (Bankr. S.D.N.Y. 1993) ("In deciding a motion for judgment on the pleadings, a court will only consider statements which appear in the pleadings").

[3] *Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman*, 277 B.R. 20, 29 (S.D.N.Y. 2002) (quoting, in part, *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000), when holding that "[in the context of a motion to dismiss], the Second Circuit has held that a complaint is deemed to 'include . . . documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit'").

[4] To give just a few examples, *see* the Declaration of Jessica Fink in Support of the Claims Objection (Docket No. 159) at Exhibit E ("numerous articles regarding alleged environmental issues in Dickson County"), Exhibit F ("Environmental Indicator Memorandum") and Exhibit H ("excerpts from the Final Site Inspection Report").

The Bankruptcy Court cannot liquidate the claims of the Personal Injury Claimants. 28 U.S.C. § 157(b)(5) provides, in mandatory language, that "the district court *shall* order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." (emphasis added). This confirms that the Bankruptcy Court may not try personal injury claims – not only are they not within the core jurisdiction of the bankruptcy courts, district courts are commanded to order that claims be tried in district court. Any attempt to disguise this as a dry pretrial matter of a purely legal and procedural variety should be rejected as the fallacy it clearly represents.

    2.    **In Saltire Industrial Inc.'s bankruptcy case, this Court withdrew the reference under almost identical circumstances to those present here.**

Alper asserts, without foundation, that the Personal Injury Claimants' Withdrawal Motion is premature. This assertion ignores the recent decision that this Court issued in Saltire Industrial Inc.'s ("Saltire")[5] bankruptcy case, which held that withdrawal of the reference was appropriate under functionally identical circumstances to those prevailing in this case.

On February 27, 2004, the Personal Injury Claimants initiated a state court tort action, Case No. CV-1911 (the "State Court Action") against, among others, Alper, Schrader-Bridgeport International, Inc., and ArvinMeritor, Inc. in the Circuit Court of Dickson County,

---

[5] This Court is well aware of the relationship between Saltire and Alper and the relatedness of the claims asserted against them by those parties suffering personal injuries stemming from the contamination in Dickson, Tennessee. Therefore, the Personal Injury Claimants will not belabor facts for which the Court is already cognizant.

4

Tennessee (the "Tennessee State Court").  The Personal Injury Claimants diligently pursued their claims against Alper in the State Court Action until Alper filed for bankruptcy relief on July 13, 2007 (the "Petition Date").  Soon after the Petition Date, on September 9, 2007, the Flake Plaintiffs dismissed Alper from the State Court Action and filed proofs of claim in this bankruptcy case.  The State Court Action, however, is still pending against, amongst others, Scrader Bridgeport International, Inc. and Arvin Meritor, Inc.  Currently, the State Court Action has been removed to the United States District Court for the Middle District of Tennessee, Case No. 07-cv-00927, and the parties are awaiting that court's decision with regard to the Personal Injury Claimants' request for remand.

The claims asserted by the Personal Injury Claimants in the State Court Action arise from the same contamination as their claims against the Debtor in this bankruptcy case.  The facts regarding the contamination, the facts regarding the negligent remediation of the contamination, and the facts regarding the effects of the contamination are the same for both the State Court Action and the Personal Injury Claimants' claims in this Court.  Considerations of judicial economy and basic common sense indicate that the reference be withdrawn with regard to the Personal Injury Claimants' claims so that this Court can consider these claims while considering the related State Court Action claims.

Alper's assertion that withdrawal of the reference under these circumstances is premature is utterly lacking in merit.  This Court had no hesitation in withdrawing the reference in the *Saltire* proceedings under eerily similar circumstances.  *In re Saltire Industrial, Inc.*, 07 Civ. 3622 06 Civ. 4451, 2007 WL 1815450 at *2 (SDNY June 22, 2007).  Indeed, in

5

*Saltire*, this Court rejected exactly the same argument as Alper makes here under almost identical circumstances.

In *Saltire*, the Harry Holt Plaintiffs filed claims in the bankruptcy case of the debtor, Saltire, for personal injuries sustained from Saltire's contamination of the Dickson, Tennessee ground water. The Harry Holt Plaintiffs also had a state court action pending against Saltire's co-defendants, who included Alper, stemming from the same contamination. The Harry Holt Plaintiffs moved to withdraw the reference with regard to their claims against Saltire. Saltire's Liquidating Trust objected, asserting that the motion was premature. This Court rejected the assertion that withdrawal of the reference was premature under the circumstances, opining as follows:

> The Liquidating Trust argues that the Bankruptcy Court for the Southern District of New York should retain the reference over the claims objection, and should administer pretrial proceedings over the Harry Holt bankruptcy claims in parallel with the proceedings in the Harry Holt Action. Such a course of action would be wasteful and confusing. Leaving the bankruptcy claims of the Harry Holt Plaintiffs in the bankruptcy court, while the Harry Holt Action continued in the United States Court for the Middle District of Tennessee, likely would result in duplicative presentations on substantially overlapping factual matters. Such a process would cause unnecessary delay and deplete both judicial resources and the assets of the bankruptcy estate, along with those of the Harry Holt Plaintiffs.

*In re Saltire Industrial, Inc.*, 07 Civ. 3622 06 Civ. 4451, 2007 WL 1815450 at *2 (SDNY June 22, 2007) (internal citations and quotations omitted).

Alper conveniently fails to squarely address this case in its Response, relying, instead, on cases that are clearly distinguishable. Given this Court's decision in *Saltire*, Alper's resistance to withdrawal of the reference is simply misplaced.

3.  **Alper's assertion that the Personal Injury Claimants are forum shopping is nonsensical.**

Alper also makes the risible suggestion that the Personal Injury's Claimants' request for a withdrawal of the reference is an insidious attempt to "forum shop". Specifically, Alper asserts that "the Withdrawal Motion is a transparent attempt to forum shop to avoid the result that is certain to lie in this Court, dismissal for the same reasons as the almost identical Flake Claims, Holt Claims, and Armstrong Claims." (Response at p. 6. Alper's doubtful clairvoyance aside, allegations of forum shopping are ridiculous under the circumstances. Alper's objection to the claims of the Personal Injury Claimants purports to be a motion to dismiss, which seeks the disallowance of the Personal Injury Claimants' claims as a matter of law. Assuming the Bankruptcy Court glosses over this Court's decision in *Saltire* and hears Alper's claim objection, the Personal Injury Claimants would nonetheless be entitled to *de novo* review of any adverse ruling on appeal to this Court. Appeal has already been taken in the Flake and Armstrong claims, and will be taken in respect of the Personal Injury Claimants. Thus, this Court will have the claims of the Personal Injury Claimants before it for review, regardless of whether this Court hears Alper's Claim Objection. Forum shopping simply is not an issue here.

4.  **Alper's assertion that withdrawal of the reference will result in judicial inefficiency ignores this Court's familiarity with these actions.**

Alper erroneously argues that removal of the Personal Injury Claimants' claims will result in judicial inefficiency and cause delays because the bankruptcy court is already familiar with these claims and this Court is not. This assertion ignores the fact that this Court has already had these claims before it in the form of the State Court Action for quite a while.

7

Moreover, this Court has the appeals of the Flake Claimants and the Armstrong Claimants before it, and is charged with conducting a *de novo* review of the same issues as were raised in Alper's Objection to the Personal Injury Claimants' claims. The Bankruptcy Court committed clear and blatant error in the Flake and Armstrong matters, and counsel is confident that this Court will remedy such error. Further resources would be squandered by compelling the Personal Injury Claimants to jump through the same procedural hoops. This Court is clearly familiar with the claims arising from the contamination in Dickson Tennessee from its involvement in this bankruptcy case as well as the Saltire bankruptcy case and the underlying tort litigation. Alper's assertion that the Bankruptcy Court is more familiar than this Court with the Personal Injury Claimants' claims ignores basic reality. In the event that this Court is even remotely concerned that withdrawal of the reference may wreak inefficiency, it may withdraw the reference and stay the prosecution of the objection pending the resolution of the two appeals.

    5.    **Despite Alper's assertions to the contrary, withdrawal of the reference will not cause added delay or costs, but will instead expedite a final resolution of these claims.**

Alper's assertion that withdrawal of the reference will cause unnecessary delay and increased costs because the parties will have to re-litigate issues with which the Bankruptcy Court is already familiar lacks merit. As noted above, this Court is already familiar with these claims and is more than capable of hearing Alper's pretrial motions along with the pretrial motions of the defendants in the State Court Action. Furthermore, instead of causing delay, withdrawal of the reference will obviate the need for briefing issues in this Court that will simply have to be re-briefed in this Court for *de novo* review.

For the reasons set forth above, and in the Motion to withdraw the reference, the Personal Injury Claimants respectfully request that this Court enter an Order withdrawing the reference to the Bankruptcy Court of the Personal Injury Claims Objection and any response thereto, and granting such other relief as may be just and proper.

Dated: March 25, 2008

Respectfully submitted,

*/s/ Douglas T. Tabachnik*
Douglas T. Tabachnik, Esq. (DT 6337)
LAW OFFICES OF
DOUGLAS T. TABACHNIK, P.C.
Woodhull House
63 W. Main Street, Suite C
Freehold, New Jersey 07728
(732) 792-2760

-and-

Cliff I. Taylor (CT 4711)
(admitted pro hac vice)
STUTZMAN, BROMBERG,
ESSERMAN & PLIFKA, PC
2323 Bryan Street, Suite 2200
Dallas, Texas  75201
(214) 969-4900

**ATTORNEYS FOR THE
PERSONAL INJURY CLAIMANTS**